IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT MOONEY                                                                                    PLAINTIFF

v.                              CIVIL NO. 5:19-CV-5103

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Robert Mooney, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on April 14, 2016, alleging an inability to work since July 1, 2014, due to anxiety, depression, post-traumatic stress disorder (PTSD), and bipolar disorder. (Tr. 74, 81).  For DIB purposes, Plaintiff maintained insured status through December 31, 2019.  (Tr. 74, 81). An administrative hearing was held on November 16, 2018, at which Plaintiff and a vocational expert testified. (Tr. 30-72).

By written decision dated January 16, 2019, the ALJ found that during the relevant time period, Plaintiff had severe impairments of bipolar disorder, post-traumatic stress disorder, and personality disorder. (Tr. 12).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of

1

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 13).  The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations:  Plaintiff was limited to low stress work, defined as work that did not involve more than occasional, superficial interaction with co-workers or the public, and that did not require the ability to carry out complex tasks or instructions.  (Tr. 14). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was unable to perform his past relevant work as a procurement manager.  (Tr. 16).  Considering the Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as a hand packager, a router clerk, and a document preparer. (Tr. 17). Therefore, the ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from July 1, 2014, through the date of the decision.  (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 6, 2019. (Tr. 1-6).  Subsequently, Plaintiff filed this action. (Doc. 4).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 3).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that

2

supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 28th day of July, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE